**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RC OFFSHORE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-0354 |
| NORMAN ROGERS, ET AL. | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Defendant and Cross-Defendant Norman Rogers' motion for summary judgment (Rec. Doc. 197) dismissing the claims of Plaintiff RC Offshore, LLC and RC Logistics, LLC (collectively "RC") and the cross-claims of Cross-Plaintiff Stone Energy Corporation ("Stone").

This action arises out of a time charter. On March 2, 2012, Stone contracted with RC to provide marine vessels and services via a blanket time charter agreement. Within the confines of that agreement, the parties entered a short-form time charter agreement on May 25, 2012, for the M/V CHRIS R. Under the terms of these agreements, Stone was billed directly for all fuel consumed by the vessel. The following January, RC informed Stone that it suspected its employees had stolen fuel from the M/V CHRIS R and sold it to another vessel. Stone promptly terminated its agreements with RC. It then conducted an audit to determine the quantity and value of the stolen fuel, which it used as basis to withhold payment. RC then brought this action to recover the balance owed to it under the agreements. RC also sought recovery from its former employees, including Mr. Rogers, the subject of the present motion.

In its complaint, RC alleges the following:

> Norman Rogers, intentionally and without authority converted the assets of RC's customer for personal use by selling the M/V CHRIS R's fuel to a commercial fishing vessel then pocketing the proceeds of same.

(Rec. Doc. 1 at 3). Further, Stone alleges that "Norman Rogers [is] liable to Stone Energy for all of the claims asserted against it by [RC]." (Rec. Doc. 26 at 17).

Mr. Rogers now moves for summary judgment on RC's and Stone's claims against him on the basis that his deposition testimony, and that of Defendant Joe Perez, conclusively demonstrates that he was not involved in the alleged conduct. RC and Stone respond that the testimony given by Defendant Daniel O'Neal at his October 30, 2013, judgment debtor exam contradicts this. Mr. Rogers replies that Mr. O'Neal's testimony is inadmissible hearsay and that, even if it were admissible, it outweighs any testimony of Mr. Rogers and Mr. Perez.

As a general rule, summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. See *Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions [and] affidavits or declarations, . . . ." FED. R. CIV. P. 56. As the United States Court of Appeals for the Fifth Circuit has noted, a "statement [that is] sworn and taken before a court reporter after the case ha[s] been filed, but was never noticed to the Defendant, and hence no defense counsel was present for purposes of objection[,] is not any less reliable than an affidavit submitted at the summary judgment stage." *Dunaway v. Cowboys Nightlife, Inc.,* 436 F. App'x 386, 395 n.9 (5th Cir. 2011). The testimony given by Mr. O'Neal at his judgment debtor exam was sworn and taken before a court reporter, thus it may be considered in resolving this motion. Mr. O'Neal's testimony clearly raises a genuine issue as to whether Mr. Rogers was involved in the alleged theft of the fuel. Accordingly, summary judgment is inappropriate. For these reasons, **IT IS ORDERED** that Mr. Rogers' motion for summary judgment (Rec. Doc. 197) is **DENIED**.

New Orleans, Louisiana, this 6th day of February, 2014.

_____

UNITED STATES DISTRICT JUDGE